IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JOSEPH S. CORREIA, | ) | CR. No. 99-00015 DAE |
| --- | --- | --- |
| Petitioner, | ) | |
| vs. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## ORDER DENYING PETITIONER'S MOTION
## FOR A WRIT OF CORAM NOBIS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motion by Joseph Correia ("Petitioner") and the opposing memorandum, the Court **DENIES** Petitioner's Motion for a Writ of Coram Nobis.

### BACKGROUND

On July 9, 2001, this Court sentenced Petitioner to 265 months of imprisonment and five years supervised release for Conspiracy to Distribute in Excess of 100 Grams of Crystal Methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), and Possession with Intent to Distribute in Excess of 50 Grams of Crystal Methamphetamine in violation of 21 U.S.C. § 841(a)(1).

Petitioner also received a concurrent sentence of 120 months imprisonment and three years supervised release for Possession of Firearm(s) as a Felon, in violation of 18 U.S.C. § 922(g).

On March 18, 2003, the Ninth Circuit affirmed Petitioner's conviction and sentence on direct appeal. (Doc. # 187.) On September 30, 2004, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody pursuant to 28 U.S.C. § 2255 ("§ 2255"). (Doc. # 190.) On August 1, 2005, this Court denied Petitioner's motion. (Doc. # 207.) On August 15, 2005, Petitioner filed a Motion for Reconsideration. (Doc. # 208.) On June 14, 2006, this Court denied Petitioner's motion. (Doc. # 211.)

On December 22, 2008, Petitioner filed a Motion for Post Sentence Production of Exculpatory Evidence. (Doc. # 213.) On March 6, 2009, this Court denied Petitioner's motion. (Doc. # 218.)

On May 4, 2009, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 18 U.S.C. § 1651, the All Writs Act. (Doc. # 219.) On June 15, 2009, this Court denied Petitioner's motion as an improper successive § 2255 motion. (Doc. # 222.)

On January 23, 2012, Petitioner filed the instant Motion for Writ of Coram Nobis, challenging his 2001 conviction. (Doc. # 238.) In a motion totaling

two paragraphs, Petitioner seeks to void his 2001 federal conviction, presumably for Possession of Firearm(s) as a Felon, arguing that he was not provided counsel when he pled guilty to a state felony offense in State Court in 1959. On February 9, 2012, the Government responded, arguing that Petitioner's Motion is a "thinly disguised attempt to avoid the gatekeeping requirements and time limitations which apply to habeas corpus post-conviction proceedings under 28 U.S.C. § 2255." (Doc. # 240 at 2.) The Government contends that Petitioner's Motion should be denied as an improper successive § 2255 motion, that Petitioner does not qualify for coram nobis relief, that the Court does not have jurisdiction to grant a writ of coram nobis with respect to a state court judgment, and that the petition is barred by laches.[1] (Id. at 4–6.) Petitioner did not file a reply to the Government's response.

## DISCUSSION

The writ of error coram nobis is "an extraordinary remedy that should be granted only under circumstances compelling such action to achieve justice." United States v. Riedl, 496 F.3d 1003, 1005 (9th Cir. 2007) (citing United States v. Morgan, 346 U.S. 502, 511 (1954)). The Ninth Circuit has recognized that

---

[1] Because the Court decides the matter on the basis of Petitioner's failure to qualify for coram nobis relief and the lack of jurisdiction over a successive § 2255 motion, the Court need not reach the Government's laches argument.

petitions for coram nobis and audita querela under the All Writs Act, 28 U.S.C. § 1651, "may provide relief for persons who have grounds to challenge the validity of their conviction but, because they are not yet in custody or are no longer in custody, are not eligible for relief pursuant to § 2255." United States v. Crowell, 374 F.3d 790, 794 (9th Cir. 2004). Specifically, the writ "provides a remedy for those suffering from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact and egregious legal errors." Estate of McKinney v. United States, 71 F.3d 779, 781 (9th Cir. 1995) (internal quotation marks and citations omitted).

To qualify for coram nobis relief, a petitioner must show: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Riedl, 496 F.3d at 1006 (citing Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)). "Because these requirements are conjunctive, failure to meet any one of them is fatal." Matus-Leva v. United States, 287 F.3d 758, 760 (2002) (citing United States v. McClelland, 941 F.2d 999, 1002 (9th Cir. 1991)).

In Matus-Leva, the Ninth Circuit held that a petitioner still in custody may not bring a coram nobis petition because the more usual remedy of a § 2255 petition is available.[2]  See Matus-Leva, 287 F.3d at 761.  The Matus-Leva Court noted that the Ninth Circuit and other appellate courts "have consistently barred individuals in custody from seeking a writ of error coram nobis."  Id.; see also Estate of McKinney, 71 F.3d at 781 ("The writ of error coram nobis affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody."); United States v. Brown, 413 F.2d 878, 879 (9th Cir. 1969) ("Coram Nobis is not available, since he is still in custody.").

Here, Petitioner cannot overcome the first hurdle to qualify for coram nobis relief because he is still in prison, and "[a] person in custody may seek relief pursuant to 28 U.S.C. § 2255."  Matus-Leva, 287 F.3d at 761.  Where "the more usual remedy of a habeas petition is available, the writ of error coram nobis is not."  Id.  Thus, to the extent that Petitioner is attacking his federal conviction and

---

[2] The Ninth Circuit also rejected Matus-Leva's argument that a § 2255 petition was not available to him because it was time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  "A petitioner may not resort to coram nobis merely because he has failed to meet the AEDPA's gatekeeping requirements.  To hold otherwise would circumvent the AEDPA's overall purpose of expediting the presentation of claims in federal court and enable prisoners to bypass the limitations and successive petitions provisions."  Matus-Leva, 287 F.3d at 761.

5

sentence, for which he is still in custody, his coram nobis petition is not appropriate.[3]

A successive application for relief under § 2255 must be authorized by a Court of Appeals before it can be heard by a District Court. See 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); United States v. Lopez, 577 F.3d 1053, 1061 (9th Cir. 2009). Absent authorization of the second or successive § 2255 motion by a Court of Appeals, a District Court does not have jurisdiction to hear the application for relief. United States v. Lopez, 577 F.3d 1053, 1061 (9th Cir. 2009). Generally, a motion will be considered a second or successive motion if the petitioner filed a previous habeas petition challenging the same conviction or sentence that was adjudicated on the merits or dismissed with prejudice. Green v. White, 223 F.3d 1001, 1002 n.1 (9th Cir. 2000).

---

[3] To the extent that Petitioner is requesting that this Court review his state court conviction, "[c]oram nobis relief is not available in federal court to attack a state court conviction." Casas-Castrillon v. Warden San Diego, Correctional Facility, 265 F. App'x 639, 2008 WL 267335, at *1 (9th Cir. 2008); see Ninth Circuit Rule 36-3(b) (allowing citation to unpublished decisions issued on or after January 1, 2007); see also Finkelstein v. Spitzer, 455 F.3d 131, 134 (2d. Cir. 2006) (agreeing with the Third, Fourth, Fifth, Seventh, Eighth, and Tenth Circuits "that the district courts lack jurisdiction to issue writs of coram nobis to set aside judgment of state courts.").

As noted above, Petitioner previously filed a § 2255 motion on September 30, 2004, which was adjudicated on the merits. Just as the Court previously found that Petitioner's § 1651 motion was a successive § 2255 motion, the Court here considers Petitioner's instant coram nobis motion to be a successive § 2255 application. Because the Ninth Circuit has not authorized this petition, this Court lacks jurisdiction to hear the motion. Accordingly, the Court **DENIES** Petitioner's motion as an improper, third successive § 2255 motion.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Petitioner's Motion for a Writ of Coram Nobis.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 28, 2012.

_____
David Alan Ezra
United States District Judge

Correia v. United States, CR. No. 99-00015 DAE; ORDER DENYING PETITIONER'S MOTION FOR A WRIT OF CORAM NOBIS